# THE ATTORNEY GENERAL
## OF TEXAS



GERALD C. MANN

AUSTIN 11, TEXAS

XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                    Opinion No. O-2990
                             Re:  Whether pick-up for prison sys-
                                  tem veterinarian may be purchas-
                                  ed out of prison industrial re-
                                  volving fund, and whether pur-
                                  chases made from such fund should
                                  be charged against appropriations
                                  made for the support and mainten-
                                  ance of the system or whether
                                  such fund should be considered
                                  as a supplemental appropriation.

        In your letter of December 19, 1940, you advised us
that the Texas Prison System has presented to you an account
for the payment of a Plymouth coupe pick-up, with the explana-
tion that same is to be used by the prison system veterinarian
in transporting his supplies and equipment in performing  his
duties in visiting the various units of the penitentiary.  Such
account is drawn against the prison industrial revolving fund
created by House Bill 78, First Called Session, 44th Legisla-
ture, reappropriated by the 46th Legislature.  You request our
opinion in response to the following two questions.

        "1.  Should this account be passed for payment
             against the Industrial Revolving Fund?

        "2.  Where such purchases are made from this
             fund, should then also be charged against
             appropriations made for the support and
             maintenance of the Prison System, or should
             this Industrial Revolving Fund be considered
             as a supplemental appropriation to the regu-
             lar amounts appropriated for the maintenance
             of miscellaneous expenses of the Texas Prison
             System?"

        In House Bill No. 78, First Called Session, 44th Leg-
islature, there was created a revolving fund of $50,000, to be
known as the industrial revolving fund of the Texas Prison Sys-
tem "to be used by said prison  system in the purchasing of

supplies and materials for tag plant, shoe and print shop and other industries and delivery of finished products as provided in the General Appropriation Bill for said System. . ." It was further provided that such revolving fund should be kept in certain banks at Huntsville, Texas, and that the fund should be kept at its maximum amount at all times by the State Treasurer, and that said funds should be used for the prompt payment in cash of all expenses properly payable out of said fund, as appropriated by the Legislature in the General Appropriation Bill. Section 3 of said House Bill 78 reads as follows:

"This Act is not to be construed as an additional appropriation to the Texas Prison System from that made by the General Appropriation Bill, but is simply the authorization to the State Treasurer to create an Industrial Revolving Fund for the use of the Texas Prison System."

The appropriation bill for the prison system as enacted by the 46th Legislature, is found at pages 166-184, of Vol. 2, Acts 46th Legislature, Regular Session. On pages 180-182 is found the reappropriation of the industrial revolving fund, in creasing the same to the sum of $100,000, and after reciting that such increase makes a total of $100,000 in said industrial revolving fund, it provides that "the said sum of $100,000.00 is hereby appropriated until September 1, 1941, for the purpose of purchasing supplies and materials for tag plant, shoe shop, print shop, and all other industries and the delivery of the finished product." It is then made mandatory upon the State Treasurer to keep the fund at its maximum by setting aside therein each week a sufficient amount of money received by him from the general manager of the system. It is further declared that "it is the legislative intent that this fund of $100,000.00 is appropriated to the prison system as a revolving fund for the purpose of efficiently and economically operating its industrial and farming enterprises, and purchasing trucks and refrigeration."

This reappropriation is followed by another reappropriation of a revolving expense fund of $25,000, and a discharged convicts' revolving fund of $25,000. The totals of the appropriations to the prison system are found on page 184. An adding up of the amounts of the various specific items of appropriation for the prison system shows that the amounts of the revolving funds are not included in the totals found at page 184. This fact, together with the requirement that the industrial revolving fund be kept at its maximum at all times, especially when considered in the light of section 3 of the act originally creating the revolving fund, clearly shows that it was not intended by the Legislature that such revolving fund should be supplemental or additional appropriation to those

itemized elsewhere.  It was not intended by the Legislature to do more, in creating the industrial revolving fund, than to enable certain purchases to be made by the system for cash. We answer your second question first by saying that where purchases are made from the industrial revolving fund, they should be charged against appropriations made for the support and maintenance of the prison system, and such revolving fund should not be considered as a supplemental appropriation to the regular amounts appropriated for the maintenance of the system.

It  is our further opinion that the pick-up falls within the class of property intended by the Legislature to be purchased out of the revolving fund and that your first question should be answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Glenn R. Lewis
Glenn R. Lewis

GRL:LW:wc

APPROVED JAN 10, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman